UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MIDLAND NATIONAL LIFE INSURANCE COMPANY,<br><br>   Plaintiff,<br><br>-v-<br><br>CHRISTINE M. DUMAS AND LYNDA M. HARVEY,<br><br>   Defendants. | Civil Action No.: |

**COMPLAINT FOR INTERPLEADER**

Plaintiff Midland National Life Insurance Company ("Plaintiff" or "Midland") files this Complaint for Interpleader against Defendants Christine M. Dumas and Lynda M. Harvey (collectively, "Defendants") pursuant to 28 U.S.C. § 1335, and, in so doing, respectfully states as follows:

**NATURE OF ACTION**

1. This is an interpleader action to resolve competing claims between the Defendants regarding the death benefit proceeds of Midland life insurance policy number 1501665518 (the "Policy"), owned by and insuring the life of Stephen R. Harvey (the "Insured") in the amount of $107,000 plus any applicable interest.

2. Midland is indifferent to and has no stake regarding which of the Defendants is entitled to the death benefit under the Policy and seeks an Order from this Court permitting it to deposit the Policy's proceeds with the Court's Registry and discharging Midland from further liability as to the Policy proceeds.

## **PARTIES AND JURISDICTION**

3. Midland is a corporation organized and existing under the laws of the State of Iowa, with its principal place of business located at 8300 Mills Civic Parkway, West Des Moines, Iowa, 50266, and, accordingly, is a citizen of the State of Iowa.

4. Upon information and belief, the Insured was a citizen and domiciliary of the State of Rhode Island.

5. Upon information and belief, Christine M. Dumas is a citizen and domiciliary of the State of Rhode Island with a last known address at 139 Old Coach Rd, Charlestown, RI 02813.

6. Upon information and belief, Lynda M. Harvey is a citizen and domiciliary of the State of Ohio with a last known address at 3922 Kiowa Dr., Youngstown, OH 44511.

7. This Court has subject matter jurisdiction of this interpleader action, together with the claims, counterclaims, and defenses arising from the transactions and occurrences that are the subject matter jurisdiction of this interpleader action, pursuant to 28 U.S.C. § 1335 because two or more of the Defendants, as adverse claimants to the Policy's proceeds, are of diverse citizenship, and the amount in dispute exceeds the sum of $500.

8. Being a statutory interpleader under 28 U.S.C. § 1335, this Court has personal jurisdiction over the defendants pursuant to 28 U.S.C. § 2361.

9. Venue is appropriate in the District of Rhode Island under 28 U.S.C. § 1397 because one or more of the Defendants as claimants or potential claimants reside in this judicial district.

10. Pursuant to 28 U.S.C. § 1335, Fed. R. Civ. P. 22, and Fed. R. Civ. P. 67, Midland will hereafter file a Motion To Deposit Sum Of Money into the registry of the Court, as well as a Motion For Interpleader Of Proceeds, Discharge, Dismissal With Prejudice, And Attorney's Fees And Costs, seeking leave to deposit the contractual obligations due under the Policy into the registry of this Court.

## FACTUAL BACKGROUND

11. On or about December 12, 1990, the Insured, Stephen R. Harvey, applied for a life insurance policy through Midland.

12. On the initial application, Stephen R. Harvey was listed as the insured, with his brother, Jeffrey Harvey, listed as the primary beneficiary. A true and complete copy of the initial beneficiary declaration is attached as Exhibit A.

13. On or about December 12, 1990, Midland issued the Policy for the Insured. A true and complete copy of the policy is attached as Exhibit B.

14. On or about August 12, 1991, Stephen R. Harvey submitted a beneficiary change request designating his wife, Lynda M. Harvey, as the primary beneficiary. A true and complete copy of the change in beneficiary form is attached as Exhibit C.

15. On March 23, 2006, Stephen R. Harvey and Lynda M. Harvey's divorce was finalized. A true and complete copy of the divorce decree is attached as Exhibit D.

16. On or about August 8, 2023, the Insured, Stephen R. Harvey, passed away; Defendant Christine Dumas informed Midland of the Insured's death on or about August 14, 2023. A true and complete copy of his death certificate is attached as Exhibit E.

17. On or about August 14, 2023, Midland received a beneficiary change request, signed August 2, 2023, designating Defendant Christine M. Dumas as the primary beneficiary. A true and complete copy of the change in beneficiary form is attached as Exhibit F.

18. On or about November 1, 2023, Defendant Lynda M. Harvey notified Midland that she would dispute Defendant Christine M. Dumas's designation as a beneficiary.

19. On or about December 20, 2023, Defendant Christine M. Dumas notified Midland she would dispute Defendant Lynda M. Harvey's designation as the sole beneficiary.

20. Pursuant to section 6 of the Policy, if no beneficiary survives the Insured, the benefits go to the Owner, here the Insured.

## CAUSE OF ACTION IN INTERPLEADER

21. Each of the Defendants made a claim and now each assert their right to the Policy proceeds.

22. The potential claims of the Defendants are adverse and conflicting, and Midland is unable to fully determine which party has the legal rights to the Policy's proceeds.

23. Midland is therefore in the position of an innocent stakeholder faced with the possibility of multiple liability on a single obligation as well as incidental costs.

24. Midland has, at all times, been willing to perform all contractual obligations to the rightful beneficiary(ies) of the Policy.

25. Midland has filed this Complaint For Interpleader of its own free will to avoid multiple liabilities and unnecessary suits and costs, and unconditionally tenders the disputed contractual obligations coming due under the Policy into the Court's registry. Midland will abide by and perform on the Policy in accordance with the judgment of this Court.

26. Midland, as a disinterested stakeholder who has conceded liability, will deposit the disputed funds with the court, and is seeking discharge from liability, is entitled to attorneys fees. *See Stonebridge Life Ins. Co. v. Kissinger*, 89 F. Supp. 3d 622, 627 (D.N.J. 2015) ("The prevailing principle in interpleader actions brought in the federal courts, whether under the interpleader statute or under Fed. R. Civ. P. 22, is that it is within the discretion of the court to award the stakeholder costs, including reasonable attorneys fees, out of the deposited funds." (citation omitted)).

**PRAYER FOR RELIEF**

**WHEREFORE**, Midland National Life Insurance Company respectfully requests the following relief:

- a. That Defendants be required to interplead together their conflicting beneficiary claims to Midland life insurance policy number 1501665518;

- b. That Defendants be restrained and enjoined from instituting or prosecuting any action or proceeding in any State or United States Court affecting Midland life insurance policy number 1501665518;

- c. That the Court enter an order granting Midland's forthcoming Motion To Deposit Sum of Money into the registry of the Court as well as the forthcoming Motion For Interpleader Of Proceeds, Discharge, Dismissal With Prejudice, And

    Attorney's Fees And Costs regarding the contractual obligations due under Midland life insurance policy number 1501665518;

d.  That the Court enter a declaratory judgment awarding the proceeds of Midland life insurance policy number 1501665518 and the rights thereunder to the rightful beneficiary(ies) of the Policy;

e.  That Midland is released and discharged from all liability to any party to this action on account of the matters relating to the beneficiary(ies) of Midland life insurance policy number 1501665518, conditioned only upon the compliance by Midland with the future order or judgment of the Court concerning the Policy;

f.  That Midland be awarded its reasonable costs and attorney's fees. *See Stonebridge Life Ins. Co. v. Kissinger*, 89 F. Supp. 3d 622, 627 (D.N.J. 2015) ("The prevailing principle in interpleader actions brought in the federal courts, whether under the interpleader statute or under Fed. R. Civ. P. 22, is that it is within the discretion of the court to award the stakeholder costs, including reasonable attorneys fees, out of the deposited fund." (citation omitted)); and

g.  Such other and further relief, at law or in equity, to which Midland may be justly entitled.

MIDLAND NATIONAL LIFE INSURANCE COMPANY

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP


/s/ Christopher M. Wildenhain
Christopher M. Wildenhain (# 8619)
40 Westminster Street, Suite 1100
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX
cwildenhain@psh.com

Dated: March 11, 2024

4876-1798-3658.2/032452-0002