UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MIDLAND NATIONAL LIFE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>-v-<br><br>CHRISTINE M. DUMAS AND LYNDA M. HARVEY,<br><br>    Defendants. | Civil Action No.: 1:24-cv-00097-JJM-LDA |

**PLAINTIFF MIDLAND NATIONAL LIFE INSURANCE COMPANY'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT LYNDA M. HARVEY**

  Pursuant to Federal Rule of Civil Procedure 55(b)(2), Plaintiff Midland National Life Insurance Company ("Midland"), by and through its counsel of record, hereby submits this Motion For Entry Of Default Judgment Against Defendant Lynda M. Harvey due to her failure to appear or otherwise defend this action.

**I. INTRODUCTION**

  On March 11, 2024, Midland initiated this interpleader action due to the competing demands of Defendant Lynda M. Harvey ("Ms. Harvey") and Defendant Christine M. Dumas ("Ms. Dumas") to the $107,000.00 death benefit of a life insurance policy insuring Stephen R. Harvey (the "Insured")—Policy No. 1501665518 (the "Policy"). (Complaint) (Dkt 1). On March 27, 2024, Midland served Ms. Harvey. *See* (Dkt. 8); Fed. R. Civ. P. 4(e). Ms. Harvey has failed to plead or otherwise defend this action to date. *See, e.g* (Dkt. 11) at ¶¶ 3-5. As such, on May 31, 2024, the Clerk of this Court entered default against Ms. Harvey. (Dkt. 12).

  Midland now moves for default judgment and requests this Court enter an order and default judgment discharging Midland from all liability with respect to any claim or right Ms. Harvey may

possess in the Policy proceeds at issue and enjoining Ms. Harvey from instituting any action against Midland in the future arising from or relating in any way to the Policy. Midland has conferred with counsel for Ms. Dumas, who has expressed no opposition to this Motion.

## II.   FACTUAL BACKGROUND

The Policy was issued on December 12, 1990, to Stephen R. Harvey (the "Insured"). (Dkt. 1 at ¶ 11). The primary beneficiary of the Policy upon issue was the Insured's brother, Jeffrey Harvey. (*Id.* at ¶ 12). On or about August 12, 1991, the Insured designated his wife, Ms. Harvey, as the primary beneficiary of the Policy. (*Id.* at ¶ 14). On or about March 23, 2006, the Insured and Ms. Harvey were granted a divorce. (*Id.* at ¶ 15).

On or about August 8, 2023, the Insured passed away. (*Id.* at ¶ 16). On or about August 14, 2023, Midland received a beneficiary change request, signed August 2, 2023, designating Ms. Dumas as the primary beneficiary. (*Id.* at ¶ 17). On or about August 14, 2023, Ms. Dumas notified Midland of the Insured's passing. (*Id.* at ¶ 16). On or about November 1, 2023, Ms. Harvey notified Midland that she would dispute Ms. Dumas' designation as primary beneficiary. (*Id.* at ¶ 18). On or about December 20, 2023, Ms. Dumas notified Midland that she would dispute Ms. Harvey's designation as primary beneficiary. (*Id.* at ¶ 19).

The Policy's proceeds are approximately $107,000.00. (*Id.* at ¶ 1). Midland is indifferent to and has no stake regarding which of the Defendants is entitled to the death benefit under the Policy.

## III.   PROCEDURAL HISTORY

On March 11, 2024, Midland initiated this action seeking interpleader relief. (Dkt. 1). Ms. Harvey was served by a process server on March 27, 2024. (Dkt. 8); *see* Fed. R. Civ. P. 4(e). To date, Ms. Harvey has not pled or otherwise defended this action. *See* (Dkt. 11) at ¶¶ 3-5. Upon

Midland's request, the Clerk of this Court entered default against Ms. Harvey on May 31, 2024. (Dkt. 12). Midland now timely moves for default judgment and requests this Court enter an order and default judgment discharging Midland from all liability with respect to any claim or right Ms. Harvey may possess in the Policy proceeds at issue and enjoining Ms. Harvey from instituting any action against Midland in the future arising from or relating in any way to the Policy.

### IV.  LEGAL STANDARD

When the plaintiff's claim is not for a sum certain or a sum that can be made certain, the party must move the court for default judgment. Fed. R. Civ. P. 55(b)(2). A default judgment may be entered without a hearing unless it is necessary to determine the amount of monetary damages.[1] *See* Fed. R. Civ. P. 55(b)(2). The trial judge must implement "sound judicial discretion" when entering a default judgment. *Schiff v. State of R.I.*, 199 B.R. 438, 440 (D.R.I. 1996). Notably, the factors that a trial judge should consider when determining whether to grant a motion for entry of default judgment are not a precise formula and have not been clearly stated in the First Circuit or in Fed. R. Civ. P. 55. *Id.* at 441.

However, courts in this District have looked to case law setting aside or affirming entry of default judgment and concluded that the fundamental question to be resolved is "do the circumstances justify resolution of the case on the basis of one party's failure to plead or defend, rather than on the merits of the case?" *Id*.  In doing so, courts ask: (1) whether the default was willful, (2) whether denying a motion for default judgment would prejudice the movant, and (3) whether a meritorious defense is or could be presented.  *See id.* (citing *Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir. 1989) and *In re Schnell*, 148 B.R. 365, 366 (D. Mass. 1992)).

---

[1] Midland does *not* seek damages against Ms. Harvey.

Furthermore, "[a] named interpleader defendant who fails to answer the interpleader complaint and assert a claim to the res forfeits any claim of entitlement that might have been asserted." *Sun Life Assur. Co. of Canada, (U.S.) v. Conroy*, 431 F. Supp. 2d 220, 226 (D.R.I. 2006) (holding that the sole remaining Defendant who asserted a claim to the proceeds of the contract was entitled to the funds and restraining defaulted Defendants from instituting any action against the Plaintiff relating to the recovery of proceeds of the contract).

V.  **THE COURT SHOULD ENTER DEFAULT JUDGMENT AGAINST MS. HARVEY**

Midland is entitled to default judgment against Ms. Harvey because she has failed to plead or otherwise respond to the Complaint, *see* Dkt. 11 ¶¶ 3—5, and all the applicable factors discussed above favor entry of default judgment.

First, Ms. Harvey's default was willful. She has clearly been aware of the death benefit proceeds dispute since November 1, 2023, when she informed Midland she would dispute Ms. Dumas' claim. (Dkt. 1) at ¶ 18. Ms. Harvey was personally served with process at her home on March 27, 2024. (Dkt. 8). Moreover, on June 5, 2024, Ms. Harvey received service that Midland's application for entry of default had been granted and she had been defaulted. Ex. 1 (Aff. of Amber Crow) at ¶ 7; Ex. 2 (certified mail return receipts). To date, Midland has not heard from Ms. Harvey and Ms. Harvey has failed to respond to the Complaint. Ms. Harvey is over the age of eighteen, is not an incompetent person, and is not in the military service or in any branch of the armed forces of the United States or its allies or otherwise within the provisions of the Servicemember's Civil Relief Act. Ex. 1 at ¶¶ 11-12. Her failure to respond, despite multiple forms of notice at various points in this litigation, indicates that she has willfully and intentionally elected to not answer or otherwise respond to the Complaint and these proceedings.

Second, Midland would suffer prejudice if the Court were to deny its Motion and dismiss this action as to Ms. Harvey without prejudice. Given that Ms. Harvey failed to answer or otherwise respond to Midland's Complaint and the Entry of Default against her, it is unlikely that she would respond to a subsequent complaint should Midland re-file this matter. Ms. Harvey's failure to respond would result in a subsequent duplicative interpleader, which would only waste judicial resources, delay payment of the proceeds, incur additional litigation expenses, and leave Midland exposed to double liability. *See Phoenix Ins. Co. v. Small*, 307 F.R.D. 426, 434 (E.D. Pa. 2015) (granting default judgment because the Insurer Plaintiff and Co-Defendant would be prejudiced because the interpleader was filed to avoid the vexation of multiple suits as to the distribution of the insurance policy proceeds and not entering default would defeat the purpose); *see also Westfield Ins. Co. v. Pavex Corp.*, No. 17-14042, 2019 WL 851029 (E.D. Mich., Feb. 22, 2019) (finding that not entering the judgment would only prolong the case when it was unlikely the defendant would ever respond and would leave the plaintiff exposed to other claimants without relief from the defendant). Indeed, "[t]he continuation of this case would only lead to Plaintiff enduring further prejudice because Plaintiff would still remain liable to claimants without receiving any relief from Defendant[ ]." *Id.*

Third, Ms. Harvey has not presented a meritorious defense nor is a meritorious defense likely. As previously indicated, the Clerk of this Court entered default against Ms. Harvey on May 31, 2024. (Dkt. 12). As such, the well-pleaded factual allegations set forth in the Complaint For Interpleader are accepted as true for the purposes of a default judgment motion. *See Hooper-Haas v. Ziegler Holdings, LLC,* 690 F.3d 34, 41 (1st Cir. 2012) ("The law is pellucid that once the default is entered, so long as the complaint states a claim for relief, then the defaulted party has no further right to contest liability."); *Ramos-Falcon v. Autoridad de Energia Electrica*, 301 F.3d 1 (1st Cir.

5

2002) (the court takes "all well-pleaded factual allegations as true, to determine whether [the complaint] alleges a cause of action"); *Franco v. Selective Ins. Co.*, 184 F.3d 4, 9 n.3 (1st Cir. 1999) ("A party who defaults is taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability as to which damages will be calculated); *Phoenix Ins. Co.*, 307 F.R.D. at 434 (entering default judgment because the Insurer Plaintiff's interpleader invited a collective adjudication for all aggrieved claims and there did not appear to be any meritorious defenses in declining the invitation).

Considering Midland is only seeking interpleader relief, the amount of monetary damages at stake is not at issue in the case. Moreover, entry of default judgment is particularly compelling because Midland does not seek a monetary judgment against Ms. Harvey; rather, it seeks interpleader of the competing claims to the Policy proceeds, discharge of liability arising from and relating to the Policy, and ultimately dismissal from this action with prejudice.

Because Midland has satisfied the procedural requirements for default judgment and because all the *Schiff* factors weigh in favor of entering default judgment against Ms. Harvey, Midland now requests that this Court enter an order and default judgment discharging Midland from all liability with respect to any claim or right Ms. Harvey may possess in the Policy proceeds at issue and enjoining Ms. Harvey from instituting any action against Midland in the future arising from or relating in any way to the Policy.

## VI. **CONCLUSION**

In light of the foregoing facts and authorities, Midland respectfully requests that the Court enter an Order granting default judgment as to Defendant Lynda M. Harvey, with an express finding that Midland is discharged from all liability with respect to any claim or right Ms. Harvey

may possess in the Policy proceeds at issue, and further enjoining Ms. Harvey from instituting any action against Midland in the future arising from or relating in any way to the Policy.

Respectfully submitted,

MIDLAND NATIONAL LIFE INSURANCE COMPANY

By Its Attorneys,

/s/ Christopher M. Wildenhain
Christopher M. Wildenhain (# 8619)
PARTRIDGE SNOW & HAHN LLP
40 Westminster Street, Suite 1100
Providence, Rhode Island 02903
(401) 861-8200
(401) 861-8210 FAX
cwildenhain@psh.com

Dated: October 22, 2024

## CERTIFICATE OF SERVICE

I, Christopher M. Wildenhain, hereby certify that on October 22, 2024, the foregoing document was caused to be filed electronically through the Rhode Island ECF system, is available for viewing and downloading, and will be sent electronically to the counsel who are registered participants identified on the Notice of Electronic Filing and will be sent via First Class Mail and Certified Mail, return receipt requested, to the following:

Lynda M. Harvey
3922 Kiowa Dr.
Youngstown, Ohio 44511

/s/ Christopher M. Wildenhain
Christopher M. Wildenhain

4872-1835-8002.2/032452-0002